**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MICHAEL D. HOLMAN, JR., # M-15042,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 16-cv-215-NJR** |
| | ) | |
| **WEXFORD MEDICAL SERVICES,** | ) | |
| **and DOCTOR LARSON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, District Judge:**

Plaintiff, currently incarcerated at Robinson Correctional Center ("Robinson"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was confined at Big Muddy River Correctional Center ("BMRCC"). Plaintiff claims that Defendants were deliberately indifferent to a serious medical condition. He also asserts a state law medical negligence claim against Defendant Larson. The complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d

1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff explains that while he was in the Winnebago County Jail, he sustained an injury to his scalp which became infected (Doc. 1, p. 6). He was treated with antibiotics. He was arrested again in 2011, and he suffered a blow to the head which reopened the earlier wound. It again became infected, this time worse than before. Plaintiff was eventually transferred to BMRCC, where he was sent to the medical unit for treatment of the badly infected wound, which was leaking fluid. He received antibiotics, but when he finished taking that medication, the infection would return.

Plaintiff sought treatment from Defendant Dr. Larson, who gave him ten or more

different antibiotics. As a result of taking these medications, Plaintiff sustained "irreversible liver and kidney damage" (Doc. 1, p. 7). Plaintiff asked Defendant Larson to send him to an outside specialist, because the treatment had not cured the infection. At that point, Defendant Larson refused to see Plaintiff again and told him that there was nothing further he could do for Plaintiff. After treatment was stopped, the entire affected area of Plaintiff's scalp turned pink, and he no longer has any hair in that area.

Plaintiff claims that Defendant Wexford Medical Services, as Defendant Larson's employer, should be responsible for his refusal to give Plaintiff further treatment.

As relief, Plaintiff seeks monetary damages and medical treatment (Doc. 1, p. 9).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment deliberate indifference claim against Defendant Larson, for refusing to provide Plaintiff with further treatment for his infected scalp or to refer him to a specialist;

> **Count 2:** Eighth Amendment deliberate indifference claim against Defendant Wexford Medical Services, as the employer of Defendant Larson;

> **Count 3:** State law medical negligence claim against Defendants Larson and Wexford Medical Services for failing to properly treat Plaintiff's infection and failing to refer him to a specialist.

For the reasons explained below, Count 1 shall proceed for further review, however, Counts 2 and 3 shall be dismissed from the action without prejudice.

**Count 1–Deliberate Indifference–Defendant Larson**

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible;" it only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence, or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Here, Plaintiff describes a recurring infection that clearly required medical attention. The complaint thus satisfies the objective component of an Eighth Amendment claim. The remaining question is whether Defendant Larson acted or failed to act with deliberate indifference to a known risk of serious harm.

Plaintiff states that Defendant Larson treated him with at least ten different antibiotics over an unspecified period of time. This initial course of treatment suggests that, far from being deliberately indifferent to Plaintiff's condition, Defendant Larson made repeated attempts to eradicate the infection. Plaintiff alleges that at some point, however, Defendant Larson ceased all

treatment and told Plaintiff there was nothing more he could do for him. At the same time, Defendant Larson refused to refer Plaintiff to a specialist for treatment.

The mere fact that Dr. Larson's prescribed treatments proved to be ineffective does not state a claim for deliberate indifference. *See Duckworth v. Ahmad*, 532 F.3d 675, 680 (7th Cir. 2008). An Eighth Amendment claim may be stated, however, where a prison doctor persists in a course of treatment *known* to be ineffective or refuses to refer the inmate to a specialist. *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005) (doctor continued ineffective treatment and refused to order endoscopy or specialist referral over a two-year period during which the plaintiff suffered from ulcer). Additionally, if Plaintiff was still suffering from the scalp infection when Defendant Larson stopped treating him, this suspension of treatment could support a deliberate indifference claim.

Further factual development will be necessary in order to determine whether Defendant Larson's actions violated the Eighth Amendment. Accordingly, **Count 1** shall receive further review.

## Count 2–Deliberate Indifference–Defendant Wexford Medical Services

Defendant Wexford Medical Services ("Wexford") is a corporation that employs Defendant Larson and provides medical care at the prison, but it cannot be held liable solely on that basis. A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). Plaintiff makes no allegation that Defendant Larson acted or failed to act as a result of an official policy espoused by Defendant Wexford. Instead, the complaint essentially

states that Defendant Wexford should be held liable merely because it was Defendant Larson's employer. This is not the law. **Count 2** against Defendant Wexford shall thus be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Count 3–Medical Negligence**

Plaintiff also brings state law claims of "medical negligence" against Defendants Larson and Wexford, based on the same facts outlined in the complaint. Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)). While this Court has supplemental jurisdiction over these state-law claims pursuant to 28 U.S.C. § 1367, this is not the end of the matter.

Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the

complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a) (West 2013).[1] A separate affidavit and report shall be filed as to each defendant. *See* 735 ILL. COMP. STAT. §5/2-622(b).

Failure to file the required certificate is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). But whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, Case No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

In this case, Plaintiff has failed to file the necessary affidavits or reports. Therefore, the claim in **Count 3** shall be dismissed. The dismissal shall be without prejudice at this time, however, and Plaintiff shall be allowed 35 days to file the required affidavits/certificates of merit, if he desires to seek reinstatement of this claim. Should Plaintiff fail to timely file the required affidavits/certificates, the dismissal of **Count 3** shall become a dismissal **with prejudice**. *See* FED. R. CIV. P. 41(b).

---

[1] The August 25, 2005, amendments to a prior version of this statute were held to be unconstitutional in 2010. *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be unconstitutional in its entirety). After *Lebron*, the previous version of the statute continued in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010). The Illinois legislature re-enacted and amended 735 ILL. COMP. STAT. §5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section. *See* notes on Validity of 735 ILL. COMP. STAT. §5/2-622 (West 2013).

**Injunctive Relief**

In the prayer for relief, Plaintiff asks for "Injunctive relief (medical)" (Doc. 1, p. 9). Since he is now housed at Robinson, however, Plaintiff is presumably no longer under the care of Defendant Larson. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Only if Plaintiff can show a realistic possibility that he would again be incarcerated at BMRCC under the conditions described in the complaint would it be proper for the Court to consider injunctive relief in this action. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey*, 561 F.3d 664, 668 (7th Cir. 2009)).

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Wilkerson for further consideration.

The motion for service of process at government expense (Doc. 4) shall be **GRANTED in part and DENIED in part.** Service shall be ordered below on the Defendant who remains in the action. No service shall be made on the dismissed Defendant.

**Disposition**

**COUNTS 2 and 3** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendant **WEXFORD MEDICAL SERVICES** is **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to move the Court to reinstate the medical negligence claims in **COUNT 3** against Defendants **LARSON** and **WEXFORD**, Plaintiff shall file the required affidavits pursuant to 735 ILL. COMP. STAT. §5/2-622, within 35

days of the date of this order (on or before **June 24, 2016**). Further, Plaintiff shall timely file the required written report(s)/certificate(s) of merit from a qualified health professional, in compliance with §5/2-622. Should Plaintiff fail to timely file the required affidavits or reports, the dismissal of **COUNT 3** shall become a dismissal **with prejudice**.

As to **COUNT 1**, the Clerk of Court shall prepare for Defendant **LARSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 20, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**