IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL D. HOLMAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-215-DGW |
| | ) | |
| DOCTOR LARSON, WARDEN | ) | |
| ROECKEMAN, SALVADOR A. GODINEZ, | ) | |
| and WEXFORD HEALTH SOURCES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

This matter is before the Court on the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants Salvador A. Godinez and Zachary Roeckeman (Doc. 70). For the reasons set forth below, the Motion is **GRANTED**.

RELEVANT BACKGROUND

Plaintiff Michael Holman is an inmate currently in the custody of the Illinois Department of Corrections ("IDOC"). Plaintiff filed this action on February 29, 2016 alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. More specifically, Plaintiff alleges that he was provided inadequate medical treatment for a scalp infection and notified prison officials of the inadequacy of the treatment, but to no avail. Plaintiff was granted leave to file an amended complaint on August 2, 2016 and is currently proceeding on an Eighth Amendment deliberate indifference claim against Defendants Dr. Larson, Wexford Health Sources, Inc., Warden Roeckeman, and IDOC Director Salvador Godinez.

Defendants Roeckeman and Godinez filed a motion for summary judgment arguing Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit (Doc. 70). In support of their motion, defendants rely on records obtained from the Administrative Review Board ("ARB") asserting it only received two grievances from Plaintiff (dated July 18, 2015 and June 28, 2016), neither of which were adequately exhausted.

In particular, Defendants explain that Plaintiff's July 18, 2015 grievance was received by the ARB on July 27, 2015 and was returned on the same date without a final decision because Plaintiff did not provide a copy of his counselor, grievance officer, or warden's response. Plaintiff was directed to provide said responses "if timely." Defendants assert that Plaintiff resubmitted this grievance to the ARB in January, 2016 and it was again returned without a final decision because it was submitted beyond the allowable timeframe.

With regard to the June 28, 2016 grievance, Defendants argue said grievance does not exhaust Plaintiff's claims in this matter as it was filed almost four months after this lawsuit was initiated.

Plaintiff filed a response to Defendants' motion explaining that he was delayed in resubmitting his July 18, 2015 grievance to the ARB because he was transferred to Robinson CC in August, 2015 and did not receive the ARB's response until sometime in October, 2015. Plaintiff asserts he sent the "counselor's and etc. responses" to the ARB sometime in December, 2015. Plaintiff also asserts he submitted grievances dated May 16, 2015 and June 18, 2015 to his counselor at Big Muddy, but explains it was all "to no avail."

### Pavey Hearing

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Court held a hearing on the issue of exhaustion on September 7, 2017. At the hearing, Plaintiff testified on his behalf

concerning his efforts to submit his grievances and exhaust the administrative review process. In particular, Plaintiff explained that he submitted a grievance to his counselor on May 16, 2015 and received his counselor's response to said grievance on June 3, 2015. Plaintiff submitted a copy of this grievance to his grievance officer, but never received a response. This grievance was ultimately stamped as "Received" by the ARB on January 7, 2016; however, Defendants indicated they were unsure as to why it was not listed as a separate grievance with the ARB.

With regard to the June 18, 2015 grievance, Plaintiff indicated that he submitted it to his counselor on June 18, 2015, but did not receive a response until July 31, 2015. Soon thereafter, in August, 2015, Plaintiff was transferred to Robinson Correctional Center ("Robinson"). It is not clear what happened with this grievance after Plaintiff's transfer; however, Plaintiff explained that he first received mail in October, 2015 from the ARB returning his July 18, 2015 grievance, to which he submitted his responsive documents in January, 2016. With regard to the content of his grievances, Plaintiff indicated he complained about the medical treatment he was being provided for his scalp infection, but did not specifically complain about the actions of Defendants Roeckeman and Godinez, instead relying on the fact that they are in charge of the whole system.

## LEGAL STANDARDS

### Summary Judgment Standard

Summary judgment is proper only if the moving party can demonstrate "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.,* 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in

genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

### Exhaustion Requirements under the PLRA

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that § 1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See*

*Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id*. at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). If a Plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

### *Exhaustion Requirements under Illinois Law*

Under the procedures set forth in the Illinois Administrative Code, an inmate is required to file a written grievance within 60 days of the "incident, occurrence or problem that gives rise to the grievance." ILL. ADMIN. CODE TIT. 20, § 504.810(a). The grievance must be filed with the inmate's counselor, unless certain discrete issues are being grieved. *Id*. It must contain "factual details regarding each aspect of the offender's complaint" including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint. *Id*. §504.810(c). If the complaint is not resolved through a counselor, the grievance is considered by a grievance officer who must render a written recommendation to the Chief Administrative Officer ("CAO" – usually the Warden) within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may also file an emergency grievance that would be forwarded directly to the

CAO.  *Id*. § 504.840.  If "there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender," consideration of the grievance will be expedited and a response shall be made.  *Id*. § 504.840(a) and (b).  If the grievance is not considered on an emergency basis, "the offender shall be notified in writing that he or she may resubmit the grievance as non-emergent, in accordance with the standard grievance process."  *Id*. § 504.840(c).

An inmate may appeal the decision of the CAO to the Director of the Illinois Department of Corrections.   The appeal must be in writing, must be directed to the Administrative Review Board (ARB), and must be received by the ARB within 30 days of the date of the CAO's response.  *Id.* § 504.850(a).  *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006).   The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal.  *Id*. § 504.850(d) and (e).

An inmate is required to exhaust only those administrative remedies available to him.  *See* 42 U.S.C. § 1997e(a).  The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances.  *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005).   The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions.  *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance.  *See Kaba*, 458 F.3d at 684.

## DISCUSSION

Based on the evidence in the record and arguments proffered by the parties, the Court finds Plaintiff failed to exhaust his administrative remedies as to Defendants Roeckeman and Godinez prior to filing this lawsuit.

Two requirements must be met in order for Plaintiff to exhaust his claims against Defendants Roeckeman and Godinez. First, Plaintiff must have submitted a grievance that sufficiently exhausted the administrative remedy process. Second, said grievance must have been sufficient to put the institution on notice that he was complaining about the actions of Defendants Roeckeman and Godinez. Plaintiff's grievances clearly fail to meet this second requirement.

The Illinois Administrative Code requires an inmate to include "factual details regarding each aspect of [his] complaint, including … the name of each person who is the subject of or who is otherwise involved in the complaint." 20 ILCS § 504.810(c). An inmate who does not know the name of certain individuals must include "as much descriptive information about the individual as possible." *Id.* This requirement assures that the purpose of the PLRA's mandatory exhaustion procedure — that prison officials have a "fair opportunity" to address an inmate's complaint — is met. *See Maddox v. Love*, 655 F.3d 709, 713 (7th Cir. 2011). Here, it is clear that Plaintiff did not name or describe Defendants Roeckeman and Godinez in any of the grievances complaining about his medical treatment. Indeed, at the hearing, Plaintiff indicated these Defendants were not specifically named in his grievances, but rather, he was relying on these grievances to exhaust against Defendants Roeckeman and Godinez because they were in charge of the whole system. Plaintiff, however, is not proceeding against Defendants Roeckeman and Godinez in their official capacities and there is no *respondeat superior* claim pending against them. Rather, Plaintiff is attempting to hold Defendants liable in their individual capacities

alleging these Defendants were specifically informed of Plaintiff's issues with his medical treatment, but failed to take any action. Plaintiff's grievances, even when read liberally, simply did not put the prison on notice that Plaintiff was complaining about the inaction of Defendants Roeckeman and Godinez.

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants Salvador A. Godinez and Zachary Roeckeman (Doc. 70) is **GRANTED** and these Defendants are **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is directed to enter judgment accordingly at the close of this case.

**IT IS SO ORDERED.**

**DATED: November 17, 2017**

**DONALD G. WILKERSON**
**United States Magistrate Judge**